IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-226-D

CHRISTOPHER MASON,                )
                                  )
            Plaintiff,            )
                                  )
    v.                            )     **ORDER**
                                  )
WALMART STORES, INC.              )
and KELLY WALLACE,                )
                                  )
            Defendants.           )

On April 26, 2023, Christopher Mason ("Mason" or "plaintiff"), proceeding pro se and in forma pauperis, filed a complaint alleging a violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., against Walmart Stores, Inc. ("Walmart") and a negligence claim against Walmart and Kelly Wallace ("Wallace") (collectively "defendants") [D.E. 1, 2, 4]. On July 12, 2023, Walmart answered the complaint and moved to dismiss Mason's complaint for failure to exhaust administrative remedies and failure to state a claim upon which relief can be granted [D.E. 13]. On July 24, 2023, Mason responded in opposition [D.E. 18]. On August 18, 2023, Wallace moved to dismiss Mason's complaint [D.E. 24] and filed a memorandum in support [D.E. 25]. On August 21, 2023, the court notified Mason of Wallace's motion, the consequences of failing to respond, and the response deadline [D.E. 26]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On September 11, 2023, Mason responded in opposition [D.E. 28]. On October 3, 2023, Mason moved for a telephonic hearing on Wallace's motion to dismiss [D.E. 29].

On December 27, 2023, Mason filed an amended complaint [D.E. 30]. On January 9, 2024, Wallace moved to strike Mason's amended complaint [D.E. 31] and filed a memorandum in support

[D.E. 32]. On January 10, 2024, Walmart moved to strike Mason's amended complaint [D.E. 33] and filed a memorandum in support [D.E. 34]. Mason did not respond to defendants' motions to strike.

On January 17, 2024, Mason moved for "Mediation and/or Arbitration." [D.E. 37]. On January 19, 2024, Wallace responded in opposition to Mason's motion for mediation [D.E. 38]. As explained below, the court strikes Mason's amended complaint, grants defendants' motions to dismiss Mason's complaint, denies as moot Mason's motion for a telephonic hearing and motion for mediation, dismisses without prejudice Mason's Title VII claim, and declines to exercise jurisdiction over Mason's negligence claim against Walmart and Wallace.

I.

On January 3, 2022, Mason became a truck driver for Walmart at its Mebane, North Carolina distribution center ("the distribution center"). See Compl. [D.E. 1] ¶ 7. Walmart required Mason to "use his own personal vehicle" for this work. See id. at ¶ 9. Wallace also worked as a Walmart truck driver at the distribution center. See id. at ¶ 10. On August 18, 2022, Mason parked his personal SUV in a marked parking spot at the distribution center. See id. at ¶ 8. Later, Wallace crashed his truck into Mason's parked SUV ("the crash"). See id. at ¶ 10. The crash caused "some front end damage and mechanical issues" to Mason's SUV. Id. Wallace left a note on Mason's SUV admitting fault for the crash. See id. at ¶ 11; [D.E. 19] 3.

The crash caused $5,000 worth of damage to Mason's SUV, and Mason cannot use the SUV anymore "to earn a proper living as [a] [t]ruck [d]river." Compl. ¶ 12. After the crash, Mason filed a claim with Walmart and asked Walmart to reimburse him for the damage to his SUV. See id. at ¶ 14. Walmart's North Carolina management referred Mason's request to Walmart's "corporate division." Id. After several weeks, Mason did not hear from Walmart concerning compensation for

2

his SUV and "the other interferences which [Mason] not having his vehicle in prime working condition" caused him. Id. Walmart also did not discipline Wallace, who is white, for the crash. Id. at ¶¶ 15–16. Neither Mason's insurance nor Walmart compensated Mason for the damage to his SUV. See id. at ¶¶ 13–15.

Mason contends that Wallace's negligence caused the crash and seeks $20,000 in lost wages from Wallace. See id. at ¶¶ 39–45. Mason also contends "Walmart acted in a discriminatory manner towards [Mason], an African American employee, when it failed to resolve or otherwise immediately compensate [Mason] for the damages to [Mason's] vehicle." Id. at ¶ 35. Mason asserts a Title VII claim against Walmart and a negligence claim against Walmart and Wallace. See id. at ¶¶ 22–45.

II.

Initially, the court addresses defendants' motions to strike Mason's amended complaint. A court may "strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although granting a motion to strike is generally disfavored, the court has such discretion. See Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001); F.D.I.C. v. Willetts, 882 F.Supp.2d 859, 870 (E.D.N.C. 2012).

Defendants contend Mason's amended complaint is untimely. See [D.E. 32] 2–4; [D.E. 34] 3–5. A plaintiff may amend his complaint once as a matter of course within 21 days after service or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). See Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his complaint only with the written consent of the opposing party or leave of court. See Fed. R. Civ. P. 15(a)(2). On July 12, 2023, Walmart answered Mason's complaint and moved to dismiss it. See [D.E. 13]. On August 18, 2023, Wallace moved to dismiss Mason's complaint. See [D.E. 24]. Mason had until Friday, September 8, 2023, to amend his complaint as a matter of course. See Fed.

3

R. Civ. P. 15(a)(1). Mason did not file his amended complaint until December 27, 2023, over three months late. See [D.E. 30]. Mason did not seek defendants' consent or leave of court. Cf. [D.E. 31, 33]. Mason fails to demonstrate "excusable neglect" that justifies his late filing. Fed. R. Civ. P. 6(b)(1)(B); see Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 394–95 (1993).

"Pro se litigants are not exempt from the Federal Rules of Civil Procedure." Jones v. Se. Reg'l Med. Ctr., No. 7:18-CV-28, 2019 WL 97036, at *3 (E.D.N.C. Jan. 2, 2019) (unpublished); see McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Hansan v. Fairfax Cnty. Sch. Bd., 405 F. App'x 793, 794 (4th Cir. 2010) (per curiam) (unpublished). Accordingly, the court grants defendants' motions to strike Mason's amended complaint. See, e.g., Oliver v. PHH Mortg. Corp., No. 3:20-CV-304, 2021 WL 354127, at *1–3 (W.D.N.C. Feb. 2, 2021) (unpublished); Awah v. Midland Credit Mgmt. of Am., No. 10cv885, 2011 WL 3821600, at *1–2 (D. Md. Aug. 26, 2011) (unpublished).

Alternatively, the court construes Mason's amended complaint as a motion to amend his complaint. Although the court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), the court need not grant leave to amend when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the [plaintiff], or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426–27 (4th Cir. 2006) (en banc) (quotation omitted); see Foman v. Davis, 371 U.S. 178, 182 (1962); Matrix Cap. Mgmt. Fund, LP v. Bearing Point, Inc., 576 F.3d 172, 193 (4th Cir. 2009); Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999); Sarvis v. United States, No. 7:11-CR-83, 2018 WL 4855206, at *2 (E.D.N.C. Oct. 5, 2018) (unpublished); Johnson v. Allen, 416 F. Supp. 3d 550, 562 (E.D.N.C. 2018), aff'd, 784 F. App'x 165 (4th Cir. 2019) (per curiam) (unpublished). "An amendment is futile if the amended complaint

4

would fail to state a claim upon which relief can be granted." Johnson, 416 F. Supp. 3d at 562; see Van Leer v. Deutsche Bank Sec., Inc., 479 F. App'x 475, 479 (4th Cir. 2012) (unpublished); United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008).

Mason's amendment seeks to add a hostile work environment claim against Walmart. See [D.E. 30] ¶¶ 41–52. Mason's amendment is futile because Mason fails to state a plausible claim for a hostile work environment. See, e.g., Wright v. Hertford Cnty. Bd. of Educ., No. 2:23-CV-30, 2024 WL 85926, at *7–9 (E.D.N.C. Jan. 8, 2024) (unpublished) (collecting cases); Torres v. Duke Energy Progress, LLC, ___ F. Supp. 3d ___, 2023 WL 5420221, at *2–4 (E.D.N.C. Aug. 22, 2023) (same); Ali v. WorldWide Language Res., LLC, ___ F. Supp. 3d ___, 2023 WL 5120224, at *7–13 (E.D.N.C. Aug. 9, 2023) (same). Accordingly, the court denies Mason's motion to amend his complaint. Mason's original complaint is his operative complaint.

III.

As for defendants' motions to dismiss Mason's complaint, a motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to [the nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need

5

not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[ ] [his] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court may also consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity." Goines, 822 F.3d at 166; Occupy Columbia v. Haley, 738 F.3d 107, 117 n.7 (4th Cir. 2013). Additionally, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Mason alleges Walmart violated Title VII by "fail[ing] to resolve or otherwise immediately compensat[ing Mason] for the damages to [Mason's] vehicle." Compl. ¶ 35. Walmart responds that Mason failed to exhaust his administrative remedies. See [D.E. 13] 19–20.

Before a person may file a claim in court under Title VII, the person must file a charge of discrimination with the EEOC. See 42 U.S.C. § 2000e-5(f)(1); Fort Bend Cnty. v. Davis, 139 S. Ct. 1843, 1846 (2019). "Title VII's exhaustion requirement is a non-jurisdictional processing rule, albeit a mandatory one that must be enforced when properly raised." Walton v. Harker, 33 F.4th 165, 175 (4th Cir. 2022) (quotation omitted); see Davis, 139 S. Ct. at 1850–51. If a party fails to timely file an EEOC charge, the party "lose[s] the ability to recover for" that claim because the claim is not

6

"actionable." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110, 113 (2002); see Donald v. Novant Health, Inc., ___ F. Supp. 3d ___, 2023 WL 5672832, at *3 (E.D.N.C. Sept. 1, 2023).

Mason fails to plausibly allege that he filed a charge of discrimination with or obtained a resolution from the EEOC concerning his Title VII claim against Walmart.[1] Thus, Mason has failed to exhaust his administrative remedies with the EEOC under Title VII. Accordingly, the court dismisses without prejudice Mason's Title VII claim against Walmart for failure to exhaust administrative remedies. See, e.g., Quinteros v. Burlington Coat Factory Warehouse Corp., No. 20-2258, 2022 WL 2713262, at *1 (4th Cir. July 13, 2022) (per curiam) (unpublished); Donald, 2023 WL 5672832, at *3; Allen v. Theaters, No. 5:22-CV-524, 2023 WL 4836674, at *3–4 (E.D.N.C. June 27, 2023) (unpublished), report and recommendation adopted by 2023 WL 4826201 (E.D.N.C. July 27, 2023) (unpublished).

Alternatively, Mason fails to state a claim upon which relief can be granted against Walmart under Title VII. Title VII prohibits an employer from taking adverse employment action against an employee because of such individual's race. See 42 U.S.C. § 2000e-2(a)(1). A plaintiff may establish a Title VII violation in two ways. First, a plaintiff can show through direct evidence that illegal discrimination motivated an employer's adverse employment action. See, e.g., Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 318 (4th Cir. 2005). If a plaintiff lacks direct evidence (as in this case), a plaintiff can alternatively proceed under the burden-shifting framework in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–03 (1973). See Hill v. Lockheed Martin

---

[1] Mason submitted a screenshot of an appointment confirmation with the EEOC. See [D.E. 19] 9. The screenshot, however, states that the appointment "is not the same as filing a charge of discrimination." Id. Mason does not provide any other evidence that he filed an EEOC charge.

7

Logistics Mgmt., Inc., 354 F.3d 277, 284–85 (4th Cir. 2004) (en banc), overruled in part on other grounds by Gross v. FBL Fin. Servs., Inc., 557 U.S. 167 (2009).

The McDonnell Douglas framework consists of three steps: "(1) the plaintiff must first establish a prima facie case of employment discrimination or retaliation; (2) the burden of production then shifts to the employer to articulate a non-discriminatory or non-retaliatory reason for the adverse action; (3) the burden then shifts back to the plaintiff to prove by a preponderance of the evidence that the stated reason for the adverse employment action is a pretext and that the true reason is discriminatory or retaliatory." Guessous v. Fairview Prop. Invs., LLC, 828 F.3d 208, 216 (4th Cir. 2016). The McDonnell Douglas framework applies to failure to hire, termination, and retaliation claims under Title VII. See, e.g., Williams v. Giant Food Inc., 370 F.3d 423, 430 (4th Cir. 2004); Beall v. Abbott Lab'ys, 130 F.3d 614, 619 (4th Cir. 1997), abrogated in part on other grounds by Gilliam v. S.C. Dep't of Juvenile Just., 474 F.3d 134 (4th Cir. 2007).

To establish a prima facie case of race discrimination, Mason must plausibly allege that (1) he was a member of a protected class, (2) he suffered an adverse employment action, (3) he was fulfilling his employer's legitimate expectations at the time of the adverse action, and (4) he was treated differently than a similarly situated employee outside the protected class. See, e.g., Goode v. Cent. Va. Legal Aid Soc'y, Inc., 807 F.3d 619, 626 (4th Cir. 2015), abrogated in part on other grounds by Bing v. Brivo Sys., LLC, 959 F.3d 605, 611–12 (4th Cir. 2020); Coleman, 626 F.3d at 190; White v. BFI Waste Servs., LLC, 375 F.3d 288, 295 (4th Cir. 2004); Tahir v. Sessions, No. 5:16-CV-781, 2017 WL 1735158, at *4 (E.D.N.C. May 2, 2017) (unpublished), aff'd, 703 F. App'x 211 (4th Cir. 2017) (per curiam) (unpublished).

An adverse employment action includes "one that constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly

8

different responsibilities, or a decision causing a significant change in benefits." Hoyle v. Freightliner, LLC, 650 F.3d 321, 337 (4th Cir. 2011) (quotation omitted); see Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998); Boone v. Goldin, 178 F.3d 253, 255–56 (4th Cir. 1999), abrogated on other grounds by Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53 (2006); Wilson v. City of Chesapeake, 290 F. Supp. 3d 444, 457 (E.D. Va. 2018).

Mason plausibly alleges he was a member of a protected class and he was fulfilling his employer's legitimate expectations. See Compl. ¶¶ 7–16. Mason also alleges he needs his SUV and that his lack of a working SUV impedes his ability to earn a living with Walmart, forcing him to seek alternative employment. See id. at ¶¶ 9, 12, 18. Construing Mason's complaint liberally, Mason plausibly alleges that Walmart's decision to not reimburse him for the crash negatively affected his pay or employment conditions. See, e.g., Wilson, 290 F. Supp. 3d at 457; see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

Mason has not plausibly alleged that Walmart treated him differently than an employee outside Mason's protected class. See, e.g., Compl. ¶ 20 (alleging "the [d]efendant Walmart's lack of action as the employer for both [p]laintiff and the [d]efendant Wallace"). Mason does not plausibly allege that Walmart compensates other employees in similar circumstances. Absent a relevant comparator, Mason's claim fails. See, e.g., McDonnell Douglas, 411 U.S. at 804; Haywood v. Locke, 387 F. App'x 355, 359–60 (4th Cir. 2010) (per curiam) (unpublished); Iskander v. Dep't of Navy, 116 F. Supp. 3d 669, 679–80 (E.D.N.C.), aff'd, 625 F. App'x 211 (4th Cir. 2015) (per curiam) (unpublished). Accordingly, the court grants Walmart's motion to dismiss Mason's Title VII claim.

Wallace moves to dismiss Mason's negligence claim against Wallace and contends that this court lacks subject-matter jurisdiction over the claim. See [D.E. 25] 4–6, 8. A motion to dismiss

9

under Rule 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted). A federal court "must determine that it has subject-matter jurisdiction over [a claim] before it can pass on the merits of that [claim]." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). When considering a Rule 12(b)(1) motion, the "court may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." White Tail Park, Inc. v. Stroube, 413 F.3d 451, 459 (4th Cir. 2005) (quotation omitted); see Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). A plaintiff must establish that this court has subject-matter jurisdiction. See, e.g., Steel Co., 523 U.S. at 103–04; Evans, 166 F.3d at 647; Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). When a defendant asserts, however, "that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged [in the complaint and any additional materials]." Kerns v. United States, 585 F.3d 187, 193 (4th Cir. 2009).

Wallace notes that Mason and Wallace are both North Carolina citizens and Mason seeks just $20,000 from Wallace. See [D.E. 25] 5–6; cf. 28 U.S.C. § 1332. Mason, however, brought a Title VII claim against Walmart. See Compl. ¶¶ 22–38. The court has federal-question jurisdiction over Mason's Title VII claim. See 28 U.S.C. § 1331. The court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Under 28 U.S.C. § 1367, "a federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try

10

them all in one judicial proceeding." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349 (1988) (cleaned up), superseded on other grounds by 28 U.S.C. § 1447(c); see United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

Mason alleges that "Walmart acted in a discriminatory manner towards [Mason], an African American employee, when it failed to resolve or otherwise immediately compensate [Mason] for the damages to his vehicle." Compl. ¶ 35. Mason also alleges Walmart's failure to compensate him is rooted in "Walmart's managerial structure comprised of the Caucasian majority who is defending the wrong committed by [Wallace,] one of its white employees." Id. at ¶ 33. Accordingly, Mason's negligence claim arises out of a common nucleus of operative fact with his Title VII claim. See, e.g., Equal Emp. Opportunity Comm'n v. Mayflower Seafood of Goldsboro, Inc., No. 5:15-CV-636, 2016 WL 9782116, at *1–2 (E.D.N.C. Aug. 2, 2016) (unpublished).

The court may decline to exercise supplemental jurisdiction over a state-law claim when (1) "the claim raises a novel or complex issue of State law;" (2) "the claim substantially predominates over" the federal claim or claims; (3) the court has "dismissed all claims over which it has original jurisdiction;" or (4) other "exceptional circumstances" present "compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(1)–(4). Additionally, a court may decline to exercise supplemental jurisdiction when "values of economy, convenience, fairness, and comity" make retaining jurisdiction inappropriate. Carnegie-Mellon Univ., 484 U.S. at 351; see Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001); Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995).

Eliminating all federal claims before trial generally suffices to decline supplemental jurisdiction over pendent state-law claims. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction

11

doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon, 484 U.S. at 350 n.7; see Shanghan, 58 F.3d at 110 ("Recent case law has emphasized that trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished."); see also Walsh v. Mitchell, 427 F. App'x 282, 283 (4th Cir. 2011) (per curiam) (unpublished); Root v. Cnty. of Fairfax, 371 F. App'x 432, 435 (4th Cir. 2010) (per curiam) (unpublished). Here, the court dismisses Mason's Title VII claim, and the court declines to exercise supplemental jurisdiction over Mason's negligence claim. See, e.g., Fogg v. U.S.A. Transp. Sec. Admin., No. 5:22-CV-124, 2023 WL 3635622, at *7 (E.D.N.C. May 24, 2023) (unpublished); A.R. ex rel. D.R. v. Wake Cnty. Bd. of Educ., No. 5:22-CV-45, 2022 WL 16953620, at *5 (E.D.N.C. Nov. 15, 2022) (unpublished); Norton v. Columbus Cnty. Bd. of Elections, 493 F. Supp. 3d 450, 458 (E.D.N.C. 2020); Hampton v. KPM LLC, 423 F. Supp. 3d 172, 180 (E.D.N.C. 2019), appeal dismissed, No. 19-2339, 2021 WL 2283714 (4th Cir. June 2, 2021) (per curiam) (unpublished).

Mason moves for a telephonic hearing. See [D.E. 29]. In his motion, Mason contends that after he responded in opposition to Wallace's motion to dismiss, "a subsequent Motion to Dismiss was filed... by one of the Defendants, however [Mason] has not received a copy of said Motion and is unable to view the docket online." Id. at ¶ 1. No such motion exists on the docket. Accordingly, the court denies as baseless Mason's motion for a hearing. Alternatively, the court can decide the issues presented in defendants' motions and Wallace's responses without a hearing. Accordingly, the court grants defendants' motions and denies as moot Mason's motion for a hearing.

Mason moves for mediation. See [D.E. 37]. As discussed, the court dismisses Mason's Title VII claim and declines to exercise supplemental jurisdiction over Mason's negligence claim. Accordingly, the court denies as moot Mason's motion for mediation.

IV.

In sum, the court GRANTS defendants' motions to strike [D.E. 31, 33], STRIKES plaintiff's amended complaint [D.E. 30], GRANTS defendants' motions to dismiss [D.E. 13, 24], DENIES AS MOOT plaintiff's motion for a hearing [D.E. 29] and motion for mediation [D.E. 37], DISMISSES WITHOUT PREJUDICE plaintiff's Title VII claim, and DECLINES to exercise supplemental jurisdiction over plaintiff's negligence claim against defendant Walmart and defendant Wallace. The clerk shall close the case.

SO ORDERED. This 8 day of February, 2024.

JAMES C. DEVER III
United States District Judge